UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff/Respondent, | ) Criminal Action No. 2: 12-016-DCR |
| | ) and |
| V. | ) Civil Action No. 2: 20-092-DCR |
| | ) |
| RAYMONE KELLEY, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendant/Movant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Raymone Kelley filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Kelley claims that he is entitled to relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). [Record No. 60] On preliminary review, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Cases, Rule 4; *see also* 28 U.S.C. § 2255(b) (permitting dismissal of a § 2255 motion when "the files and records of the case conclusively show that the prisoner is entitled to no relief"). Here, on initial review, it is clear the Kelley's motion is untimely and he is not entitled to the relief being sought. As a result, his motion will be dismissed.

I.

Kelley pleaded guilty on November 19, 2012, to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). [Record No. 34] He was

sentenced to 92 months' imprisonment, to be served consecutively to an undischarged state court sentence. [Record No. 37]

Kelley agreed in his plea agreement to knowingly possessed a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year. [Record No. 34] More specifically, he admitted the following:

> (c) The Defendant acknowledges knowingly possessing the firearm and ammunition specified in Count 1, more particular1y described as (1) a Savage, Model Springfield 944, 12-gauge shotgun bearing serial number P968842; and (2) one round of Remington Peters .380 ammunition. Neither the firearm nor the ammunition were [sic] manufactured in Kentucky. The firearm was modified to have an overall length of less than 26 inches, and a barrel length of less than 18 inches.
>
> (d) The Defendant is a convicted felon. On or about October 10, 2006, he was convicted of Possession of Crack Cocaine, in Hamilton County Common Pleas Court, case number B0604719A, and sentenced to 8 months imprisonment. On or about that same date and in the same court, case number B0602651, the Defendant was convicted of Robbery and sentenced to 8 years imprisonment.

[Record No. 34, p. 2] Kelley appealed his sentence, but the United States Court of Appeals for the Sixth Circuit affirmed it. [Record No. 47]

Contrary to his earlier admissions, Kelley now asserts that he "did not 'knowingly' possess a firearm in violation of 18 U.S.C. § 922(g), and is therefore actually and factually innocent." He relies upon the Supreme Court's decision in *Rehaif v. United States* in support of his current position.

**II**.

Petitioners may file a motion under 28 U.S.C. § 2255 within one year from the latest of four dates – here, it is from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3). "[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (internal quotation marks omitted). Substantive rules of law generally are retroactive. *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016). Rules are considered substantive if they are decisions that narrow the scope of a criminal statute by interpreting its terms. *See, e.g., Bousley v. United States*, 523 U.S. 614, 620-21 (1998). *Rehaif* narrowed the class of persons who could be convicted under 18 U.S.C. § 922(g). Accordingly, it constitutes a substantive rule that is likely retroactive on collateral review.

Even though *Rehaif* likely applies retroactively, Kelley's petition is untimely under 28 U.S.C. § 2255(f)(3) because it is dated more than a year after *Rehaif* was decided. *Rehaif* was decided (i.e., June 21, 2019). Kelley's declaration and certificate of service assert that he filed his motion on June 22, 2020. Accordingly, his petition is one day over the one-year limitations period dictated by 28 U.S.C. § 2255(f)(3).

And even if Kelley's petition were timely, he would not be entitled to relief. A movant must allege "an error of constitutional magnitude, a sentence imposed outside the statutory limits, or an error of fact or law that was so fundamental as to render the entire proceeding invalid" to prevail on a claim under 28 U.S.C. § 2255. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Miller v. United States,* 562 F. App'x 485, 490 (6th Cir. 2014) (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)).

Kelley contends that *Rehaif v. United States* provides him relief because he did not know that he could not possess a firearm. 139 S. Ct. 2191, 2194 (2019). Under *Rehaif*, the government must show both that he knowingly possessed a firearm and knew that he had the relevant status restricting his ability to possess a firearm at the time he possessed it to be convicted of being a felon in possession of a firearm. *Id*. After *Rehaif* was decided, court have declined to vacate a defendant's sentence if the defendant plead guilty because the guilty plea "comprehend[s] all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989); *see, e.g., United States v. Bain*, No. 5:18-029-KKC-MAS-1, 2020 U.S. Dist. LEXIS 13092, at *4 (E.D. Ky. Jan. 7, 2020), *adopted by* 2020 U.S. Dist. LEXIS 11986 (E.D. Ky. Jan. 24, 2020); *Malone v. United States*, 1:17CV2290, 2019 U.S. Dist. LEXIS 21673, at *8 (N.D. Ohio Dec. 23, 2019).

Kelley acknowledged in his plea agreement that he knew he had a prior felony conviction and that he "knowingly possessed a firearm" following that conviction. [Record No. 34] And he further acknowledged during his change-of-plea hearing that he possessed a firearm following a felony conviction. [Record No. 46, p. 25] In addition, Kelley: (i) agreed that he possessed the firearm and ammunition listed in Count 1 of the indictment and (ii) reviewed the indictment, discussed his plea agreement and his case in general with his attorney. [*Id*. at pp. 7-8] In short, *Rehaif* does not provide Kelley any relief because Kelley admitted to all of the elements necessary for a binding, final judgment.

### III.

A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the denial is based on a procedural ruling, the defendant must show that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Here, reasonable jurists would not find this Court's assessment debatable or wrong because his motion is untimely and even if it were timely, *Rehaif* does not provide Kelley any relief. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant/Movant Raymone Kelley's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 60] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

2. A Certificate of Appealability will not issue.

Dated: June 29, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky